Vincenzo Buono
vs.                    No.53389
United Electric Railways
Company

February 9, 1926

SUMNER, J. Plaintiff has brought suit to recover damages resulting from a collision between a car of the defendant and the horse and team which he was driving. The jury returned a verdict for plaintiff in the sum of $4456 and defendant has filed its motion for a new trial.

The plaintiff claims that he was driving his wagon out of Lexington avenue at its junction with Douglas avenue, his horse going at a walk; that when he first got out on Douglas avenue, the car was 200 feet away and was going very fast. "I says: I will run across," and while the team was on the track, the car struck it and then went to the other side of Lexington avenue before it stopped. The horse cleared the track.

The motorman testified for the defendant that when he first saw the horse it was about in the middle of Lexington avenue, 15 or 16 feet from its junction with Douglas avenue, and about 35 feet away from the car; that the driver was standing up on the foot-board, whipping his horse, which was galloping and which was headed to its right, giving the motorman the impression the plaintiff intended to cross the track farther up; that he slowed down his car to let the team go by, and that when the car was about 15 feet from the horse and team, the horse suddenly swung to its left and came across the track at an angle; that he reversed his car and the front left wheel of the wagon caught the front step on the left side of the car; that when he first saw the plaintiff, the car was going between 12 and 15 miles an hour; that he slowed down to between 7 and 8 miles and was going at that speed when the horse turned onto the track; that his car went 4 or 5 feet after the accident.

The plaintiff could not give a clear account of the details of the accident, although his attorney pressed him with leading questions. He was voluble enough as to what happened after the accident and especially as to his injuries. He admitted in cross-examination that the first time he saw the car his horse was on the track.

Loxley, another witness for the plaintiff, testified that he was standing opposite a white pole some 200 feet from Lexington avenue when he saw the plaintiff's horse in about the centre of Lexington avenue, some 25 or 30 feet from the track and headed across it and that at this time the trolley car, going very fast, was two car lengths below the white post (which post the engineer testified is 123 feet from the street line of Lexington avenue); that the horse was then walking quite fast, coming down grade; that when he noted the horse and wagon and the speed of the car, he knew there would be a collision; that he could not estimate the speed of the car in miles per hour; that he did not see the horse on the track as he had turned around to call to his wife. This testimony varies considerably from statements claimed

by the investigator for the defendant to have been made by Loxley to him.

The motorman was corroborated by the conductor as to the first speed of the car, the putting on of brakes and then the slackening down. He was also corroborated by one Lambert, an unusually intelligent witness, who sat in the rear of the car on the right hand side. He testified that he saw the horse and team 15 or 20 feet ahead of the car and two or three feet from the track, and the next he knew the car had stopped short; that the car was going at a speed of between 10 and 15 miles when he first noticed the horse, and about the same time he felt a jerk in the car; that he thought the horse was running; that the car went three or four feet after the accident, as shown by marks in the street where the team was pushed.

The plaintiff was not a satisfactory witness. He was evasive at times and exaggerated the period that he was incapacitated from work. The motorman, on the other hand, seemed to relate intelligently the facts connected with the collision.

The court feels that the plaintiff was guilty of contributory negligence and that, on the other hand, there was no negligence clearly shown in the conduct of the motorman.

Motion for new trial granted.

For Plaintiff: Rosenfeld & Hagan and Charles A. Kiernan.

For Defendant: Clifford Whipple and Earl A. Sweeney.